ANTHONY B. GORDON (S.B. NO. 108368)
GORDON & GORDON,
A Professional Law Corporation
5550 Topanga Canyon Boulevard, Suite 200
Woodland Hills, California 91367-6478
Telephone:  (818) 887-5155
Facsimile:   (818) 887-5154

Attorneys for Plaintiff NORCAL HOME
DESIGN, INC.

# UNITED STATED DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

NORCAL HOME DESIGN, INC., a
California corporation

    Plaintiff,

  v.

CODE BLUE 360 LLC, a Delaware
Limited Liability Company; CODE
BLUE LLC, a Delaware Limited
Liability Company; and TONY
TOUSSIGNANT, an individual; and
DOES 1 through 10, inclusive

Defendant.

Case No. 2:21-cv-00491-JAM-DMC

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**1) Intentional Interference with Contractual Relations; and**

**2) Negligent Interference with Contractual Relations**

**DEMAND FOR JURY**

Plaintiff NORCAL HOME DESIGN, INC. ("NORCAL") alleges as follows:

## PARTIES

1.  NORCAL is a California corporation that has its principal place of business in the City of Vacaville, County of Solano, State of California, where it conducts business performing contents restoration in various counties in California, including Butte County.

1

2.     Defendant CODE BLUE 360, LLC is a limited liability company that has its principal place of business at 14 E Main Street, 4th Floor, Springfield, Ohio. An internet seach for "Code Blue 360 LLC" reveals that "Code Blue is an innovative third party administrator that uses proven science and revolutionary technology to manage property claims."  Further, that "Code Blue is an industry leader in retoration claims management, working alongside a national contractor network to return insurance policyholders to pre-loss condition in the fastest, most efficient and least disruptive manner possible."

3.     Defendant CODE BLUE LLC is a limited liability company that has its principal place of business at 14 E Main Street, 4th Floor, Springfield, Ohio. Based on an internet search, CODE BLUE LLC provides insurance services and offers claim management solutions for property and casualty insurance industry, and that "Code Blue serves in the United States."

4.     Defendant TONY TOUSSIGNANT is an individual employed by CODE BLUE as the Director of Managed Repairs.  Based on https//www.linkedin.com, Tony Tousignant is the "Director of Managed Repairs at Code Blue" and is based in Cleveland, Ohio.  In and during 2018 and 2019, defendant Tony Tousignant used the email address of "tony.tousignant@codeblue360.

5.     Plaintiff is unaware whether Tony Tousignant represented CODE BLUE 360 LLC, r CODE BLUE LLC at the time of the conduct complained of below and on that basis joins both CODE BLUE 360 LLC and CODE BLUE LLC, which are collectively referred to herein as "CODE BLUE."

**JURISDICTION AND VENUE**

6.     This Court has original jurisdiction over the Defendants pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2

///

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.     From November 8, 2018 through November 25, 2018, the Camp Fire damaged and/or destroyed the following 11 private residences in Butte County, California, which were insured by Allstate Insurance Company as follows:

i.      1261 Honey Run, Chico CA 95928;

ii.     4442 Sierra Del Sol, Paradise CA 95969;

iii.    3511 Sunview Drive, Paradise CA 95969;

iv.     188 Patton Peak Road, Yankee Hill CA 95965;

v.      3472 Deer Ridge Lane, Oroville CA 95969;

vi.     288 Lower Gulch Road, Yankee Hill CA 95965;

vii.    5264 Laguna Court, Paradise CA 95969;

viii.   43 Tuscan Drive, Paradise CA 95969;

ix.     5209 Xeno Place, Paradise CA 95969;

x.      5851 Crestmoor Drive, Paradise CA 95969; and

xi.     5948 Woodsdale Lane, Paradise CA 95969.

7.     From November 30, 2018 through January 2, 2019, NORCAL entered into individual and separate contract(s) on the dates mentioned below to provide contents restoration services with each of the property owners and or occupants of the 11 private residences referenced in paragraph 6 of the complaint for damages as follows:

| Property | Owner/ Occupier | Date |
|---|---|---|
| 1261 Honey Run, Chico, CA 95928. | Sorenson | 11/30/18 |
| 4442 Sierra Del Sol, Paradise, CA 95969. | Hradecky | 11/30/2018 |
| 3511 Sunview Drive, Paradise, CA | Eldridge | 12/6/2018 |

FIRST AMENDED  COMPLAINT FOR DAMAGES

| | | |
|---|---|---|
| 95969. | | |
| 188 Patton Peak Road, Yankee Hill, CA 95965. | Keen | 12/12/2018 |
| 3472 Deer Ridge Lane, Oroville, CA 95969. | Rightmeyer | 12/12/2018 |
| 5264 Laguna Court, Paradise CA 95969 | Doll | 12/15/2018- |
| 43 Tuscan Drive, Paradise CA 95969- | Camusi | 12/20/2018 |
| 5209 Xeno Place, Paradise CA 95969 | Burton | 12/23/2018 |
| 5851 Crestmoor Drive, Paradise CA 95969 | Brown | 12/27/2018 |
| 5948 Woodsdale Lane, Paradise CA 95969 | Cobbs | 1/2/2019- |

8.     From November 30, 2018 through June 10, 2019, NORCAL performed contents restoration services on behalf of the above-named property owners and or occupants listed by the property addresses and names listed above.

9.     From January 2, 2019 through June 10, 2019, Allstate Insurance Company retained and employed defendants CODE BLUE and TONY TOUSIGNANT to provide third party administration services for the insurance property claims referenced in paragraphs 6 and 7 of this complaint.

10.     At all relevant times, defendant TONY TOUSIGNANT acted with malice towards NORCAL and his actions were done without justification, and his desire to harm NORCAL was unrelated to the interests of defendants CODE BLUE.

///

4

FIRST AMENDED  COMPLAINT FOR DAMAGES

1

2      11.     From January 2, 2019 through June 10, 2019, defendants CODE

3   BLUE and TONY TOUSIGNANT allegedly contacted each of the above-named

4   property owners and/or occupants of the private residences and provided false,

5   defamatory and misleading information about NORCAL concerning its business

6   reputation, the quality of the contents restoration services performed for each of the

7   customers, the exorbitant cost of the contents restoration services provided, and also

8   provided false and misleading information about coverage to be afforded under the

9   Allstate Insurance Company homeowner's policies, specifically that Allstate

10  Insurance Company would not pay NORCAL's open invoices for past services

11  rendered, and would not pay for any future services rendered by NORCAL.

12  Further, defendant TONY TOUSIGNANT requested, encouraged and demanded

13  that each property owner and or occupant terminate their existing contracts with

14  NORCAL, and retain a new contents restoration company allegedly approved by

15  defendants CODE BLUE and TONY TOUSIGNANT.

16      12.     From January 2, 2019 through June 10, 2019, defendants CODE

17  BLUE and TONY TOUSIGNANT made false and misleading statements to

18  Allstate Insurance Company employees and representatives, namely that the

19  property owners and occupants of the subject properties were dissatisfied with the

20  services, and costs of such services that NORCAL provided, and that each of the

21  property owners and or occupants wanted to terminate their business relationships

22  with NORCAL.

23      13.     From January 2, 2019 through June 10, 2019, despite NORCAL's

24  attempts to salvage its damaged business relationships with its eleven property

25  owners and/or occupants customers by the false and misleading statements of

26  Defendants CODE BLUE and TONY TOUSIGNANT, NORCAL was unable to

27  save any of the eleven business relationships, all of which were terminated by the

28  customers.

5

14.     As a result of the actions and conduct of defendants CODE BLUE and TONYTOUSIGNANT, NORCAL was forced to resolve its open invoices with Allstate Insurance Company at a significant cumulative loss of over $400,000.00, and each of NORCAL's eleven customers referenced above terminated their respective contracts which prevented NORCAL from performing future services which were cumulatively valued at over $500,000.00.

## FIRST CAUSE OF ACTION

### (Intentional Interference with Contractual Relations)

15.     NORCAL incorporates the allegations in paragraphs 1 through 14 as though fully set forth in their entirety.

16.     NORCAL and the eleven individual property owners and or occupants of the residences listed in paragraphs 6 and 7 had legitimate and enforceable contracts to perform contents restoration services without any limitations. A true and correct copy of each of the eleven contracts are collectively attached hereto as Exhibit "l" and incorporated herein by this reference.

17.     Defendants CODE BLUE and TONY TOUSIGNANT had knowledge of the existing eleven contracts mentioned above and had copies of each of the eleven contracts which are attached hereto as Exhibit "1."

18.     The intentional acts of defendants CODE BLUE and TONY TOUSIGNANT described above were designed to cause a breach of the contractual relationships between NORCAL and each of the eleven individual property owners and or occupants of the residences mentioned above.

19.     As a result of the aforesaid actions and conduct of defendants the property owners and/or occupants wrongfully terminated each of eleven contracts referenced above before NORCAL completed all contents restoration services and were paid for past services rendered.

///

6

1

2  20.    As a direct and proximate result of the actions and conduct of

3  defendants CODE BLUE and TONY TOUSIGNANT, NORCAL suffered damages

4  in excess of $900,000.00.

5  21.    The aforesaid conduct of defendants, and each of them, was despicable

6  in that it was carried out with malice designed to prevent NORCAL from collecting

7  monies legally owed to it, which justifies an award of exemplary and punitive

8  damages.

9  ### SECOND CAUSE OF ACTION

10  ### (Negligent Interference with Contractual Relations)

11  22.    NORCAL incorporates the allegations in paragraphs 1 through 21 as

12  though fully set forth in their entirety.

13  23.    NORCAL and the eleven individual property owners of the residences

14  listed in paragraph 7 had legitimate and enforceable contracts to perform contents

15  restoration without any limitations. A true and correct copy of each of the eleven

16  contracts are collectively attached as Exhibit "1" hereto.

17  24.    Defendants CODE BLUE and TONY TOUSIGNANT knew about

18  each of the eleven contracts between NORCAL and the eleven individual property

19  owners and or occupants of the residences listed in paragraph 7, and had copies of

20  each of the eleven contracts referenced in paragraph 16, and attached to the

21  complaint for damages.

22  25.    Defendants CODE BLUE and TONY TOUSIGNANT breached their

23  legal duty to provide lawful third party administration of the property insurance

24  claims of the eleven individual property owners and or occupants of residences

25  listed above and outside vendor NORCAL as described in paragraphs 11, 12 and 13

26  26.    26. NORCAL was harmed as the existing eleven contracts between

27  NORCAL and the individual property owners and or occupants of the residences

28  were terminated prior to NORCAL collecting outstanding monies owed for past

1

2 services rendered and completion of all future contents restoration services as

3 referenced in paragraph 14.

4      27.    Defendants' breaches were a direct and proximate cause of NORCAL's

5 resulting harm and their negligence was a substantial factor in causing NORCAL's

6 harm.

7 **PRAYER**

8      Wherefore, Plaintiff NORCAL Home Design Inc. prays for judgment against

9 defendants CODE BLUE 360 LLC, CODE BLUE LLC and TONY

10 TOUSIGNANT as follows:

11      1.    For an award of compensatory damages for all uncollected monies

12 from open invoices for past services rendered for each of the eleven contracts as

13 shall be established by proof at time of trial;

14      2.    For an award of compensatory damages for the monetary value of all

15 future contents restoration services which were not performed for each of the

16 eleven contracts as shall be established by proof at time of trial;

17      3.    For an award of punitive damages as defined in Civil Code section

18 3294;

19      4.    For interest, expense and costs of suit to the extent permitted by law;

20 and

21      5.    Any other relief the Court may deem just and proper.

22

23 Dated:  May 21, 2021            GORDON & GORDON, PLC

24

25                        *Anthony B. Gordon*

              By_____

26                   Anthony B. Gordon

27                   Attorneys for Plaintiff

28                   NORCAL HOME DESIGN INC.

8

Exhibit   "1"



NorCal
Home Design
Contents Restoration

## AUTHORIZATION TO PERFORM SERVICES CONTRACT

I, *Brenda Sorenson* herein referred to as "Customer" authorize[s] NORCAL HOME DESIGN Inc., herein referred to as "NORCAL" to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at ADDRESS: *1261 Honey Run Road* CITY: *Chico* Cel/Perina STATE: *Calif* ZIP: *95928* at the property address and/or at the NORCAL facility located in Vacaville, California. This agreement is made on the date set forth below adjacent to Customer's signature[s]

Customer understand that the majority of the pricing is based on *Xactware Xactimate* that is the industry standard. I understand and agree that an invoice will be provided which itemizes material labor, storage etc, after completion of work. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program, payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and/or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $2.22 per sq foot and Customer has agreed to said fee.

*Please explain*
Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the Invoices. Customer agrees that Invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated

Any storage requested or agreed to by client will be done, at NORCAL's warehouse[s], is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq.

Customer understands that NORCAL will not take possession, control or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: *30* Day, of *November* Month in the year 20 *18*

NORCAL Home Design, Inc.

Name: *Courtney J. Casey*
Signature: *Courtney J. Casey*

Name: *For Emy Brannan*
Authorized Representative



*Norcal*
*Home Design*
*Contents Restoration*

## AUTHORIZATION TO PERFORM SERVICES CONTRACT

I, _Carolyn Hradecky_ herein referred to as "Customer", authoriz(e/s) NORCAL HOME DESIGN Inc., herein referred to as "NORCAL" to perform and NORCAL agrees to perform packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at ADDRESS: _4442 Serra Del Sol_ CITY: _Paradise_ STATE: _CA_ ZIP: _95969_ at the property address and/or at the NORCAL facility located in Vacaville, California. This Agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on *Xactware Xactimate* that is the industry standard. I understand and agree that an invoice will be provided which itemize material, labor, storage etc. after completion of work Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program. payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and/or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $2.22 per sqr foot and Customer has agreed to said rate.

Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the Invoices. Customer agrees that Invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that Invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annual) from date of the last Invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse(s), is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq.

Customer understands that NORCAL will not take possession, control or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: _22_ Day of _Apr_ Month in the year 20 _X_                 NORCAL Home Design, Inc.

_Carolyn Hradecky_          _[signature]_                 _David Hobbs_              _[signature]_
Name                        Signature                      Name                     Authorized Representative

*NorCal*
*Home Design*
Contents Restoration

## AUTHORIZATION TO PERFORM SERVICES CONTRACT

I, _Lisa Eldridge_, herein referred to as "Customer", authorize(s) NORCAL HOME DESIGN Inc. herein referred to as "NORCAL" to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at ADDRESS: _3511 Sunview Dr._, CITY: _Paradise_, STATE: _CA_ ZIP: _95969_ at the property address and/or at the NORCAL facility located in Vacaville, California. This Agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on Xactware Xactimate that is the industry standard. I understand and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion of work. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program, payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and/or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $2.22 per sq foot and Customer has agreed to said rate.

Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the Invoices. Customer agrees that invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that Invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by Insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse(s), is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in the sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq.

Customer understands that NORCAL will not take possession, control or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: _6_ Day, of _12_ Month in the year 20 _18_        NORCAL Home Design, Inc

_Lisa Eldridge_          _Lisa Eldridge_              _Jeremy Brann_        _Jeremy_
Name                     Signature                    Name                 Authorized Representative

*NorCal*
*Home Design*
Contents Restoration

## AUTHORIZATION TO PERFORM SERVICES CONTRACT

I, _____, herein referred to as "Customer", authorize(s) NORCAL HOME DESIGN Inc., herein referred to as "NORCAL" to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at: ADDRESS: _____ CITY: _____, ___ STATE: _____ ZIP: _____ at the property address and/or at the NORCAL facility located in Vacaville, California. This Agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on *Xactware Xactimate* that is the industry standard. I understand and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion of work. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program, payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and/or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $2.22 per sq foot and Customer has agreed to said rate.

Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the Invoices. Customer agrees that invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that Invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by Insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last Invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse(s), is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq

Customer understands that NORCAL will not take possession, control, or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: 12 Day of _DEC_ Month in the year 20 20      **NORCAL Home Design, Inc.**

_____          _____
Name     Signature                   Name     Authorized Representative

*NORCAL Home Design Contents Restoration*

## AUTHORIZATION TO PERFORM SERVICES CONTRACT

Brenda Rightmyer_____, herein referred to as "Customer", authorize(s) **NORCAL HOME DESIGN Inc.**, herein referred to as "NORCAL" to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at ADDRESS: 3472 Deer Ridge Ln CITY: Cordelia CA STATE: _____ ZIP: 95965 at the property address and/or at the NORCAL facility located in Vacaville, California. This agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on *Xactware Xactimate* that is the industry standard. I ... round and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion of work. ...omer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program, ...ment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out ... or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $...... per sq foot and Customer has agreed to said rate.

... ...tomer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the Invoices. Customer agrees that Invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that Invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount Invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by Insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid ba...nce in the amount of 1.5% per month (18% per annum) from date of the last Invoice and or notification of completion ... the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due ...der the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse(s), is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present ...r future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their ...ale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq.

Customer understands that NORCAL will not take possession, control or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: 12 Day of 12 Month in the year 20 2018    **NORCAL Home Design, Inc.**

Rightmyer _____ Brenda A. Rightmyer    _____
Name          Signature          Name          **Authorized Representative**

*NorCal*
*Home Design*
*Contents Restoration*

# AUTHORIZATION TO PERFORM SERVICES CONTRACT

Susan Nehar herein referred to as "Customer", authorize(s) NORCAL HOME DESIGN Inc., herein referred to as "NORCAL" to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at ADDRESS: 388 Lower Gulch Rd CITY: Pentee Hill STATE: CA ZIP: 95965 at the property address and/or at the NORCAL facility located in Vacaville, California. This Agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on *Xactware Xactimate* that is the industry standard. I understand and agree that an invoice will be provided which itemizes material, labor, storage etc, after completion of work. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program. Payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and/or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $____ per sq foot and Customer has agreed to said rate.

Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the invoices. Customer agrees that invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by insurance. Customer agrees that NORCAL is not responsible for processing any insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse(s), is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq, for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq

Customer understands that NORCAL will not take possession, control, or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: 14 Day, of Dec Month in the year 2018        **NORCAL Home Design, Inc.**

Susan Nehar        *Susan Nehar*        *(signature)*        *(signature)*
Name        Signature        Name        Authorized Representative

*NorCal*
*Home Design*
Contents Restoration

# AUTHORIZATION TO PERFORM SERVICES CONTRACT

_____ _____, herein referred to as "Customer", authorize(s) NORCAL HOME DESIGN Inc., herein referred to as "NORCAL," to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at: ADDRESS: _____ CITY: _____ STATE: _____ ZIP: _____ at the property address and/or at the NORCAL facility located in Vacaville, California. This agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on *Xactware Xactimate* that is the industry standard. I understand and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion of work. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program, payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $2.22 per sq foot and Customer has agreed to said rate.

Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the Invoices. Customer agrees that Invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that Invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount Invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last Invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse(s), is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq

Customer understands that NORCAL will not take possession, control, or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: 15 Day, of Dec _____ Month in the year 20 19

**NORCAL Home Design, Inc.**

Michel Doll
Name          Signature

Jeremy Brown
Name          Authorized Representative

*NorCal*
*Home Design*
*Contents Restoration*

# AUTHORIZATION TO PERFORM SERVICES CONTRACT

William P. Camusi , herein referred to as "Customer", authorize(s) NORCAL HOME DESIGN inc. herein referred to as "NORCAL" to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at ADDRESS 43 Tuscan Dr. CITY: Paradise STATE: CA ZIP: 95969 at the property address and/or at the NORCAL facility located in Vacaville, California. This Agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on *Xactware Xactimate* that is the industry standard. I understand and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion of work. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program, payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and/ or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $2.22 per sq foot and Customer has agreed to said rate.

A customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the Invoices. Customer agrees that Invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that Invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount Invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by Insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last Invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse(s), is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present or future, in addition to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their safe pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-219 et seq

Customer understands that NORCAL will not take possession, control, or handle of any firearms, ammunition, jewelry, money, alcohol/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: 20 Day of Dec, Month in the year 20 18         NORCAL Home Design, Inc.

William P. Camusi
Name          Signature                        Name                  Authorized Representative

*NorCal*
*Home Design*
*Contents Restoration*

## AUTHORIZATION TO PERFORM SERVICES CONTRACT

I, __Wayne Brown__, herein referred to as "Customer", authorize(s) **NORCAL HOME DESIGN** inc. referred to as "NORCAL" to perform, and **NORCAL** agrees to perform, packing, storing, cleaning and drying services as necessary or required related to our Customer's personal property. Customer's ADDRESS: __5851 Crosswood Dr__ CITY: __Paradise__ __CA__ ZIP: __95969__ at the property address and/or at the NORCAL facility located in Vacaville, California. Agreement is made on the date set forth below adjacent to Customer's signature(s).

Customer understand that the majority of the pricing is based on Xactware Xactimate that is the industry standard and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate and payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing and/or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $2.22 per sq foot and Customer has agreed to said rate.

Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for services rendered as set forth in the Invoices. Customer agrees that Invoices are due within 5 business days later. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that Invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer and further agrees that Customer is financially responsible for the full amount invoiced to Customer by NORCAL, whether or not part of Customer's loss is covered by insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to processing insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCALs warehouse(s), is subject to NORCALs storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq, for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq.

Customer understands that NORCAL will not take possession, control, or handle of any firearms, ammunition, money, valuable/legal documents, items of sexual nature, illegal items of any kind, any kind of liquid, perishables etc. that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vice. This Agreement is the final expression of the agreement between the parties and any modification agreed must be made in writing and signed by the parties hereto.

Signed on __27__ Day, of __12__ Month in the year 20__18__        NORCAL Home Design, Inc.

__Wayne Brown__          _____          __Jeremy Brown__          _____
Name          Signature          Name          Authorized Representative



*NorCal*
*Home Design*
*Contents Restoration*

## AUTHORIZATION TO PERFORM SERVICES CONTRACT

_____ (herein referred to as "Customer", authorize[s] NORCAL HOME DESIGN inc., herein referred to as NORCAL" to perform, and NORCAL agrees to perform, packing, storing, cleaning and any restoration services as necessary or required related to our Customer's personal property located at _____ CITY: _____ STATE: _____ at the property address and/or at the NORCAL facility located in Vacaville, California. This Agreement is made on the date set forth below adjacent to Customer's signature[s].

Customer understands that the majority of the pricing is based on Xactware Xactimate that is the industry standard. Customer understands and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion of work. Customer agrees to pay NORCAL its usual and customary fees including hourly rates pursuant to the Xactimate program. Payment for work is due in full prior to NORCAL providing any further services (for example, such services as packing-out and/or delivery or return of the goods from storage). Customer acknowledges that NORCAL has disclosed its storage rate of $1.22 per sq foot and Customer has agreed to said rate.

Customer understands and agrees that Customer is financially responsible for the entire amount of the charges for the services rendered as set forth in the invoices. Customer agrees that invoices are due within 5 business days after receipt. Any objection to an invoice must be made within 5 business days of receipt in writing delivered to NORCAL. Customer agrees that invoices that are not timely objected to are deemed accurate.

Customer represents that all or part of this work may be payable under a policy of insurance. Customer understands and agrees that Customer is financially responsible for the full amount Invoiced to Customer by NORCAL, whether or not any part of Customer's loss is covered by insurance. Customer agrees that NORCAL is not responsible for processing any related insurance claim and Customer waives any claim Customer may have against NORCAL related to Customer's insurance claim, if any.

Customer agrees that if payment is not made to NORCAL when due, then Customer shall pay interest on the unpaid balance in the amount of 1.5% per month (18% per annum) from date of the last invoice and or notification of completion of the work, whichever is earlier. Customer agrees to pay all costs NORCAL incurs in its attempt to recover any sums due under the contract including attorney's fees and other costs, whether or not suit is initiated.

Any storage requested or agreed to by client will be done at NORCAL's warehouse[s], is subject to NORCAL's storage rates, and is subject to a warehouse lien pursuant to UCC Section 7-209 et seq. for storage, and any other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods reasonably incurred in their sale pursuant to law. The lien may be enforced by public or private sale of the goods pursuant to UCC Section 7-210 et seq.

Customer understands that NORCAL will not take possession, control or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to commencement of work. Customer assumes complete responsibility for informing NORCAL if any of the above listed items are present prior to work commencement and agree to pay for any additional expense incurred by NORCAL, due to work stoppage until said items are removed and secured.

Customer acknowledges that NORCAL cannot be held responsible for any pre-existing damage or inherent vices. This Agreement is the final expression of the agreement between the parties and any modification hereof must be made in writing and signed by the parties hereto.

Signed on: 23 Day, of DEC Month in the year 20 18        NORCAL Home Design, Inc.

GERALD BEATON          Beada Beaton          _____    _____
Name           Signature                Name              Authorized Representative

## *NorCal*
## *Home Design*
## *Contents Restoration*

# NOTICE TO INSURANCE COMPANY
# ASSIGNMENT OF CLAIM

On _____ (day) of _____ (month) 20____ (year) I/We _____hereby authorize: NorCal Home Design Contents Restoration at 855 Cotting Ln, Vacaville, CA 95688 to manipulate and make repairs to my property situated at:

Address:_____

City: _____State: _____Zip: _____

I authorize and direct my Insurance Company to include "NorCal Home Design Contents Restoration" on insurance checks or drafts in relation to said assignment. I further agree NorCal Home Design Contents Restoration has limited Power of Attorney to endorse and deposit in its accounts these related checks or drafts. I agree to pay any Insurance deductible or depreciation due to this claim.

_____
**(Initials)**

I/We have read and understand the conditions as stated above:

**Accepted by:**

**Witnessed – Job Supervisor:**

_____

**Name**

_____

**Name**

_____

**Signature**

_____

**Signature**

*NorCal*
*Home Design*
*Contents Restoration*

# AUTHORIZATION TO PERFORM SERVICES CONTRACT

I _____, (Homeowner/Tenant) herein referred to as "**Customer**", authorizes **NorCal HOME DESIGN Inc.**, herein referred to as "**NorCal HOME DESIGN Inc.**" to perform packing, storing, cleaning and any restoration services needed on my (our) property located at: ADDRESS:

_____

CITY: _____ STATE: _____ ZIP: _____
at their facility located in Vacaville, CA.

Due to the uncertainty of the scope of work, I understand that no estimate can be provided at this time. I do understand that the majority of the pricing is based on *Xactware Xactimate* which is the industry standard. I understand and agree that an invoice will be provided which itemizes material, labor, storage etc. after completion of work. Customer agrees to pay **NorCal HOME DESIGN Inc.** its usual and customary fees including hourly rates pursuant to the Xactimate program, payment for work is due in full prior to **NorCal HOME DESIGN Inc** providing any further services.

Customer authorizes the Insurance Company to pay **NorCal HOME DESIGN Inc.** directly for that portion of the work covered by the Customer's Insurance policy. If for any reason the draft(s)  for payment should be made payable to or signed over to Customer, then Customer agrees to pay **NorCal HOME DESIGN Inc.** upon receipt of a check from Customer's  insurance company or no later than (5) five days after payment has been received by Customer from the insurance company.

If for any reason this loss is not covered by Customer's Insurance policy, Customer understands and agrees that Customer is financially responsible for the entire amount. Invoices are due upon receipt. Any objection to an invoice must be made within 5 days of receipt in writing. Invoices are deemed accurate if no timely written objection is made.

Customer agrees if payment is not made to **NorCal HOME DESIGN Inc.** within (5) five days of receipt of the invoice and/or (5) days of Customer's receipt of the draft from the insurance company, then Customer shall pay service charges in the amount of 1.5% per month and/or the highest amount allowed by law, which is 18% per annum from the date the restoration is completed. Customer agrees to pay all costs incurred by **NorCal HOME DESIGN Inc.**, in its attempt to recover any sums due under the contract including attorney's fees and costs.

Customer acknowledges and agrees that **NorCal HOME DESIGN Inc.** is working for the Customer and not the insurance company or agent/adjustor. Customer agrees to pay the Restoration Company directly for any amount not covered by customer's insurance company, including the deductible.

I/We understand that **NorCal HOME DESIGN Inc** will not take possession, control, or handle of any firearms, ammunition, jewelry, money, valuable/legal documents, any items of sexual nature, illegal items of any kind, any kind of liquid, perishables and that these items are my/our responsibility to remove from the work area and secure prior to work commencement.

I/We assume complete responsibility for informing **NorCal HOME DESIGN Inc** if any of these items are present prior to work commencement and agree to pay for any additional expense incurred by **NorCal HOME DESIGN Inc** due to work stoppage until said items are removed and secured.

I/we acknowledge that **NorCal HOME DESIGN Inc**, cannot be held responsible for any pre-existing damage or inherent vices. This is the final expression of the agreement.

**Home Owner**                                    **Witness – Job Supervisor**

_____  _____       _____  _____
**Name**                **Signature**                      **Name**                **Signature**

M Gmail

Kara Kelly <completebuffalosolutions@gmail.com>

**Re: work authorization**

debbiecd731 <debbiecd731@gmail.com>
To: Jackie Kelly <Jackie@completecontents.com>

Sun, Dec 30, 2018 at 8:35 AM

I give you permission to do work on my house.
Debbie Cobb

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Jackie Kelly <Jackie@completecontents.com>
Date: 12/30/18 8:12 AM (GMT-08:00)
To: debbiecd731@gmail.com, Ellie Ochoa <nomedesignellie@gmail.com>
Subject: Re: work authorization

Dear Debbie;

Thanks for your call yesterday, explaining your situation in not being able to print and sign the attached forms for me, as discussed email me back simply stating your authorizing the work of pack out of your home and garage, contents evaluation for Total loss and sanitization of contents that are smoke damaged and that will be find until your in a position to print and sent them back to me.

spoke with Ken Forness of Quality Construction yesterday and Code Blue has not provided him your claim number as of yet, so if you could please give me your claim number as well.

Have a great day and let me know if you have any questions.

Sincerely,

Jackie

Jackie Kelly
NORCAL Home Design Inc
Vacaville California
818/749-9993
homedesignjackie@gmail.com

On Sat, 29 Dec 2018 at 11:22, Jackie Kelly <Jackie@completecontents.com> wrote:
Dear Debbie;

Wonderful speaking with you today. Please find the attached forms I need you to sign and return to me via email today.

Please let me know if you have any questions.

Thanks Jackie

Jackie Kelly
NORCAL Home Design Inc
Vacaville California
818-749-9993
homedesignjackie@gmail.com