IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCAL HOME DESIGN INC., | No. 2:21-CV-00491-JAM-DMC |
| Plaintiff, | |
| v. | ORDER |
| CODE BLUE 360, LLC, et al., | |
| Defendants. | |
| AND RELATED THIRD-PARTY COMPLAINT. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Defendants' motion to: (1) compel responses to interrogatories and requests for production; (2) to deem requests for admissions admitted; and (3) for an award of reasonable expenses.[1]  See ECF No. 37.  The motion is supported by the declaration of Defendants' counsel, Crystal L. Van Der Putten, Esq., and attached exhibits A through I, filed concurrently with the notice of motion.  See ECF No. 37-2.  The Parties have not filed a joint statement in support of their respective positions because there has been a "complete and total

---

[1] Moving defendants are Code Blue, LLC, Code Blue 360, LLC, and Tony Tousignant.

1

failure" by Plaintiff to respond to Defendants' discovery requests; thus, a joint statement is not required.  See id.; Local Rule 251(e).  No opposition was filed.

The parties appeared telephonically for a hearing before the undersigned in Redding, California, on September 21, 2022, at 10:00 a.m.  Crystal Van Der Putten, Esq., appeared on behalf of Defendants and Third-Party Plaintiffs; Anthony Gordon, Esq., appeared on behalf of Plaintiff; and Shawn Joost, Esq., appeared on behalf of Third-Party Defendant, Quality Property Restoration, a division of Forness Construction, Inc.  Upon consideration of the parties' briefs and arguments, the matter was submitted.

## I. SUMMARY OF DISCOVERY IN DISPUTE

At issue are the following discovery requests served on Plaintiff on February 15, 2022:

Requests for Admissions, Set One

> Served by Code Blue, LLC, ECF No. 37-2, pgs. 5-8, (Ex. A to Van Der Putten declaration),
>
> Served by Code Blue 360, LLC, ECF No. 37-2, pgs. 42-45 (Ex. D to Van Der Putten declaration).

Interrogatories, Set One

> Served by Code Blue, LLC, ECF No. 37-2, pgs. 10-20 (Ex. B to Van Der Putten declaration).
>
> Served by Code Blue 360, LLC, ECF No. 37-2, pgs. 47-53 (Ex. E to Van Der Putten declaration).
>
> Served by Tony Tousignat, ECF No. 37-2, pgs. 55-65 (Ex. F to Van Der Putten declaration).

Requests for Production of Documents, Set One

> Served by Code Blue, LLC, ECF No. 37-2, pgs. 22-40 (Ex. C to Van Der Putten declaration).

According to Defendants, no responses whatsoever to any of these discovery requests had been provided as of the date Defendants filed their motion to compel on August 10, 2022, despite numerous extensions and promises from Plaintiff to provide responses.

///

## II. DISCUSSION

### A. Requests for Admissions

Requests for admission are governed by Federal Rule of Civil Procedure 36. Rule 36 provides that "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A responding party must admit or deny a request for admission, or the responding party may object. See Fed. R. Civ. P. 36(a)(4), 36(a)(5). Under Rule 36(a)(6), the requesting party may move to determine the sufficiency of an answer or objection. See Fed. R. Civ. P. 36(a)(6). If the Court finds that an answer does not satisfy Rule 36(a)(4), "the court may order either that the matter is admitted or that an amended answer be served." Id. (emphasis added).

At the hearing, Plaintiff's counsel stated that Plaintiff has served responses to all outstanding requests for admissions. Defense counsel confirms receipt of late responses on August 19, 2022. Because a matter is deemed admitted unless the party denies or objects within thirty days after being served and based on the representations of counsel at the hearing that no responses to Defendants' requests for admission were received prior to this motion and Plaintiff's acknowledgement that such responses were not served until August 19, 2022, the Court grants Defendants' motion as to requests for admissions and deems all of the requests for admissions outlined above to be admitted.

### B. Interrogatories

Rule 33 of the Federal Rules of Civil Procedure provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). A responding party must serve its responses and any objection within thirty days after being served. See Fed. R. Civ. P. 33(b)(2). Each interrogatory must be answered under oath and fully and separately in writing. See Fed. R. Civ. P. 33(b)(3). If the interrogatory is objected to, the grounds for objecting must be stated with specificity; otherwise, any ground not timely objected to, is deemed waived, unless good cause exists in which a court may excuse the failure. See Fed. R. Civ. P. 33(b)(4).

At the hearing, Plaintiff's counsel represented, and defense counsel confirmed, that Plaintiff has served answers to all outstanding interrogatories without objections. Defendants now seek only reasonable expenses associated with its motion. The Court, therefore, denies Defendants' motion to compel regarding interrogatories outlined above as moot. The Court will, however, confirm that all objections are deemed waived because Plaintiff served responses beyond the time specified in Rule 33.

The Court also orders the parties to meet and confer within 30 days regarding the sufficiency of Plaintiff's responses to interrogatories. If Defendants believe that Plaintiff's responses are inadequate, the Court expects the parties to attempt to resolve the dispute informally. If an informal resolution is unable to be reached after a good faith effort on the part of both parties, the parties shall file a joint statement identifying the matters at issue. No hearing date shall be set. Upon the filing of a joint statement, the Court will set the matter for an informal discovery conference via Zoom to address the parties' concerns. If an informal resolution still cannot be reached, the Court will then set the matter for a hearing.

### C. Requests for Production

Under Rule 34 of the Federal Rules of Civil Procedure, a party may serve on a party a request to produce and permit the requesting party, or its representative, to copy, test, inspect, or sample any designated documents or electronically stored information in the responding party's possession, custody, or control. See Fed. R. Civ. P. 34(a)(1)(A). A responding party must serve its responses and any objection within thirty days after being served. See Fed. R. Civ. P. 34(b)(2)(A). A responding party may produce copies instead of permitting inspection, but the production must then be completed no later than the time for inspection, or a reasonable time thereafter. See Fed. R. Civ. P. 34(b)(2)(B). A party may move for an order compelling production of documents when a party fails to produce documents as requested under Rule 34. See Fed. R. Civ. P. 37(a)(3)(B)(iv).

///
///
///

At the hearing, Plaintiff's counsel stated that he served late responses after Defendants filed their motion to compel. Plaintiff's counsel also stated, however, that no responding documents have yet been produced due to delay caused by his client. The Court finds that Plaintiff failed to timely preserve any objections to form or substance of Plaintiff's requests for production by failing to respond until August 19, 2022. As a result, the Court orders that any objections to the requests for production of documents, set one, asserted now or in the future, are deemed waived. Moreover, Plaintiff acknowledged during the hearing that responsive documents still had not yet been produced – more than six months beyond the date they were due. Therefore, the Court further orders Plaintiff to produce to Defendants all responsive documents, without objection, on or before October 3, 2022.[2]

The Court will also impose a coercive civil contempt sanction on Plaintiff for failure to comply with this order by providing documents by October 3, 2022. "Where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992) (internal citations and quotation marks omitted). The purpose of the sanction is what determines whether it is a criminal sanction or a coercive civil sanction. See id. "If the sanction is intended to punish past conduct and is imposed for a definite amount or period without regard to the contemnor's future conduct, it is criminal." Id. If, as here, the sanction is conditioned upon continued noncompliance and intended only to coerce the contemnor to comply in the with the Court's orders, then the sanction is a coercive civil sanction. Id. (affirming award of $10,000-per-day sanction for every day the plaintiff failed to produce documents). If the sanction is a civil coercive sanction, it should be payable to the Court. See id. at 1482; see also General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986).

/ / /

/ / /

---

[2] The 10-day period ordered by the Court at the hearing expires on a Saturday. The Court, therefore, extends the deadline to provide responsive documents to the next Monday.

The Court orders that Plaintiff shall pay to the Court $1,000 a day as a coercive civil sanction for each day beyond October 3, 2022, that documents are not produced.  For example, if documents are produced on October 4, 2022, a sanction of $1,000 will be imposed.  If documents are produced on October 5, 2022, a sanction of $2,000 will be imposed.  And so on for each day beyond October 3, 2022.  The Court notes in this regard that monetary sanctions of $1,000 or more must be reported to the California State Bar.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, ECF No. 37, is granted as to requests for admissions and requests for production but denied as moot as to interrogatories.

2. Requests for admissions, set one, served by Code Blue, LLC and Code Blue 360, LLC, are deemed admitted.

3. Plaintiff shall produce all documents responsive to requests for production, set one, served by Code Blue, LLC, on or before October 3, 2022.

4. A coercive civil sanction of $1,000 per day, payable to the Court, will be imposed on Plaintiff for each day beyond October 3, 2022, responsive documents are not provided to Defendant Code Blue, LLC.

5. Reasonable costs will be awarded to Defendants under Federal Rule of Civil Procedure 37; Defendants shall file their costs bill by September 30, 2022; Plaintiff may file a response within five days of service of Defendants' costs bill; thereafter, the Court will award reasonable expenses by separate order.

Dated:  September 26, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE