IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCAL HOME DESIGN INC., | No.  2:21-CV-00491-JAM-DMC |
| Plaintiff, | |
| v. | ORDER |
| CODE BLUE 360, LLC, et al., | |
| Defendants. | |
| AND RELATED THIRD-PARTY COMPLAINT. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's motion to set aside this Court's order deeming requests for admissions admitted pursuant to Federal Rules of Civil Procedure 7(b)(1)(B). See ECF No. 50-1.  The motion is supported by the declarations of Jackie Kelly, Chief Executive Officer of Plaintiff, and Plaintiff's Counsel, Anthony Gordon, Esq., with supporting exhibits 1 through 3 See ECF Nos. 50-2, 50-3.  Defendants oppose the motion and submit the declaration of Defendants' counsel Crystal Van Der Putten, with supporting exhibits A through E.  See ECF No. 52-1.  Plaintiff submits its reply with additional declaration of Mr. Gordon with supporting exhibits 1 through 2.  See ECF Nos. 56, 56-1.

1

The parties appeared telephonically for a hearing before the undersigned in Redding, California. Crystal Van Der Putten, Esq., appeared on behalf of Defendants and Third-Party Plaintiffs; Anthony Gordon, Esq., appeared on behalf of Plaintiff; and Shawn Joost, Esq., appeared on behalf of Third-Party Defendant, Quality Property Restoration, a division of Forness Construction, Inc. Upon consideration of the parties' briefs and arguments, the matter was submitted.

## I. SUMMARY OF DISCOVERY IN DISPUTE

At issue are Defendant Code Blue 360, LLC's Requests for Admissions, see ECF No. 52-1, pgs. 1-3, 9-12, 21-25. (Exs. B, D) ("Blue 360 Requests") and Defendant Code Blue, LLC's Requests for Admissions, see ECF No. 52-1, pgs. 1-7, 14-18 (Exs. A, C) ("Blue LLC Requests"), that Plaintiff seeks to have withdrawn as admitted (collectively the "Requests"). At the hearing, it was represented that no responses to the Requests had been provided as of the date Defendants filed their motion to compel, despite numerous extensions and promises from Plaintiff to provide responses. As a result, this Court issued its order granting Defendants' motion to have the Requests deemed admitted. See ECF No. 49. Plaintiff now seeks to have these admitted responses withdrawn under Federal Rule of Civil Procedure 36(b).

## II. DISCUSSION

A.   **Rule 36(b)**

Requests for admission are governed by Federal Rule of Civil Procedure 36. The purpose of Rule 36 is to provide for "truth-seeking" in litigation and "efficiency in dispensing justice." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007) (citing Fed. R. Civ. P. 36(b) advisory committee notes). Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36(a)(3) is self-executing. See id. "A matter admitted under [Rule 36(a)(3)] is conclusively established unless the court, on motion, permits the admission to be

withdrawn or amended." Fed. R. Civ. P. 36(b). A court may permit withdrawal or amendment if doing so would "promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.; see Conlon, 474 F.3d at 621 (noting Rule 36(b) permits exercise of discretion to grant relief). Thus, the court has discretion to grant relief only when: (1) presentation of the merits of the action will be promoted, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. See Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995).

### 1. Presentation of the Merits

The first factor of the Rule 36(b) test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622 (quoting Hadley, 45 F.3d at 1348); see Sonoda v. Cabrera, 255 F.3d 1035, 1039-40 (9th Cir. 2001) (finding no abuse of discretion to allow withdrawal of admissions where admissions would effectively eliminate a merits determination). Here, Plaintiff has the burden of establishing that upholding the admissions will foreclose its ability to present the evidence on the merits.

#### a. Blue 360 Requests

Generally, Plaintiff argues that by denying its request to withdraw the admissions, Plaintiff would be deprived of the opportunity to present the merits of its case. See ECF No. 50-1, pg. 5. Plaintiff, however, only asserts that four Blue 360 requests, 4 through 7 "go to the heart" of Plaintiff's case and by deeming these requests admitted, will prevent Plaintiff from adducing evidence to the contrary. See ECF No. 50-1, pg. 5; ECF No. 56, pgs. 9-10. Further, Plaintiff states "[t]hat is the reason [Plaintiff] denied these admissions requests, albeit it in an untimely manner." Id. It is not until its reply does Plaintiff set forth its argument that deeming requests 4 through 7 admitted would prevent Plaintiff from presenting evidence as to actual breach or disruption of contractual relations and resulting damage, elements required of Plaintiff's claims, or mention the other Requests. See ECF No. 56, pgs. 3-7; see also ECF No. 56-1, pg. 2. Notably, Plaintiff presents only these four Blue 360 Requests as being a death-knell to its case. See ECF No. 56, pgs. 9-10.

///

	Despite Defendants' assertions that Plaintiff has failed to show how the admission of these particular Requests would prevent Plaintiff from presenting evidence as to the other named Defendants, deeming admitted these four Requests would be dispositive as to Blue 360 and prevent Plaintiff from presenting any evidence on the merits as to Blue 360's liability.  As a result, Plaintiff has met it's burden as to Blue 360's Requests, 4 through 7, as identified in the motion and reply.

	As to Requests 1 through 3, and 8, Plaintiff does not provide any argument pertaining to whether or not these would be dispositive of Plaintiff's claims and prevent Plaintiff from presenting evidence on the merits.  See, e.g., ECF No. 50-1, pg. 5; ECF No. 56, pgs. 3-5.  In its motion, Plaintiff argues only that it would be "deprived of the opportunity of presenting its case" which is "demonstrated by reference to [Requests] 4, 5, and 6. . . ."; in its reply, Plaintiff argues as to Requests 1 through 3 that Plaintiff does not have knowledge of these facts and as to Request 8, that Defendants have more knowledge on the issue than Plaintiff.  See id.  Generally, Plaintiff fails to tell the Court how each of these Requests would close the door to Plaintiff's case.  See id.  A review of Requests 1 through 3, and 8, suggest, however, that these are as decisive as Requests 4 through 7: whether Blue 360 and Blue LLC are separate entities, whether Blue 360 has been wrongly named as a Defendant, and who is Defendant Tousignant's employer.  See ECF No. 52-1, pgs. 1-3, 9-12, 21-25. (Exs. B, D).  These too appear to "go to the heart" of Plaintiff's case for the same reasons as Requests 4 through 7.

	As to Blue 360 Requests 9 through 15, Plaintiff fails to offer any argument as to how these requests would prejudice Plaintiff if such admissions are allowed to stand.  These requests pertain to Jeremy Brannan's employment status, criminal background, and arrest.  See id.  During the hearing, Plaintiff did not argue that these were dispositive to its case or that by letting these admissions stand would preclude Plaintiff from presenting evidence on the merits.  Plaintiff's primary argument was that the information was not within Plaintiff's control because Mr. Brannan was an independent contractor.  In fact, the Court specifically asked Plaintiff to address the prejudice factor in this regard and Plaintiff responded that it was unable to provide any more information than was provided in the briefing.  These statements do not persuade this

Court that by allowing such admissions to stand Plaintiff will be precluded from adducing testimony on the merits. By failing to show how Blue 360 Requests 9 through 15 prejudice Plaintiff if allowed to stand and prevents Plaintiff from presenting evidence on the merits, Plaintiff has not met its burden with respect to Blue 360 Requests 9 through 15.

Therefore, as to Blue 360 Requests 1 through 8, Plaintiff has met its burden to show that deeming these requests admitted will prevent Plaintiff from adducing evidence on the merits, the first factor under a Rule 36(b) reconsideration. As to Blue 360 Requests 9 through 15, Plaintiff has failed to establish prejudice; as such, Blue 360 Requests 9 through 15 will stand as admitted.

### b. Blue LLC Requests

As to Blue LLC Requests 1 through 9, Plaintiff does not detail in its motion any argument whatsoever pertaining to how these Requests are dispositive of Plaintiff's claims and in what way the admissions prevent Plaintiff from presenting evidence on the merits. See, e.g., ECF No. 50-1, pg. 5. Plaintiff argues generally that it would be deprived of opportunities to present its case, by making references only to Blue 360 Requests 4, 5, 6, and 7 but fails to provide any argument as to the prejudicial value of these requests. See id.; see also ECF No. 56, pgs. 7-11.

Blue LLC Requests 1 through 9 pertain to employment status and arrest of Christina Cano, and the reporting of the arrests of Ms. Cano and Mr. Brannan by The Paradise Post and the Daily Republic. See ECF No. 52-1, pgs. 1-7, 14-18 (Exs. A, C). In its reply, Plaintiff argues that such Requests were denied because Ms. Cano was an independent contractor and not an employee. See ECF No. 56, pgs. 7-10. With respect to the other Blue LLC Requests seeking admissions as to various publications made by The Paradise Post and The Daily Republic, Plaintiff argues that Rule 36 requires the responding party only to make a reasonable inquiry into information, which "is limited to persons and documents within the party's control"; thus, Plaintiff denied such admissions. ECF No. 56, pg. 8 (citations omitted). These statements are also not convincing.

/ / /

/ / /

By failing to show how Blue LLC Requests 1 through 9 prejudice Plaintiff if allowed to stand and prevent Plaintiff from presenting evidence on the merits, Plaintiff has not met its burden with respect to Blue LLC Requests 1 through 9; as such, Blue LLC Requests 1 through 9 will stand as admitted.

### 2. Prejudice to Defendants

With respect to the second factor, Defendants have the burden of establishing prejudice. See Fed. R. Civ. P. 36(b); see Conlon, 474 F.3d at 622. The prejudice contemplated by Rule 36(b) is not merely that the party who obtained the admission will now have to convince the factfinder of its truth, but instead, it relates to the difficulty a party may face in proving its case, at trial, if such admission is withdrawn. See id. at 622-23; Hadley, 45 F.3d at 1348. Inconvenience does not rise to the level of prejudice that justifies a denial of a motion to withdraw. See Sonoda, 255 F.3d at 1039 (citing Hadley, 45 F.3d at 1349). However, timing of a motion to withdraw such an order is persuasive. 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985) (concluding motion to withdraw made during middle of trial, after plaintiff had relied heavily on the admissions, was prejudicial; once trial begins, a more restrictive standard is applied because prejudice to the parties is greater); see Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co., No. C05-00198 JWHRL, 2007 WL 1140464, at *5 (N.D. Cal. Apr. 17, 2007) (responding a year and a half after defendants originally served with requests for admission, but since no prejudice and trial not set for several months, motion to withdrawn admissions granted). Cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions. See Hadley, 45 F.3d at 1349.

Plaintiff argues that, given the current pretrial dates, and the fact that Plaintiff has now provided full and complete responses to Defendants' discovery requests, including production of all documents, there is no prejudice to Defendants in granting Plaintiff's request to withdraw the deemed admissions. See ECF No. 50-1, pg. 6; ECF No. 56, pgs. 6-7. While Defendants argue in their opposition various reasons for prejudice, including difficulty locating witnesses, potential of forgotten facts that Defendants seek to be admitted, and a waste of resources, see ECF No. 52, pgs. 6-7, during the hearing, Defendants' counsel candidly admitted

that there was no prejudice.

Defendants have the burden of proving that withdrawal of the admissions would be sufficiently prejudicial. Because the discovery deadlines are not until March 2023, trial is not set until November 2023, and Defendants conceded during the hearing that there is no prejudice in withdrawing certain requests, Defendants do not satisfy their burden. Consequently, because Defendants cannot show that there will be prejudice from the Court's withdraw of certain admissions, the second factor, prejudice to the party, has not been met.

### 3. Other Factors

Even if both Rule 36(b) factors are satisfied for withdrawing an admission, a court may still deny relief. See Conlon, 474 F.3d at 625. Rule 36 sets forth only the minimum requirements a party must meet before an admission may be withdrawn. See id. Although the two factors in the Rule's text are necessary conditions of withdrawal, the court may also consider other factors, such as whether the party can show good cause for the delay in responding. See Conlon, 474 F.3d at 621, 624-25 (considering factors such as whether the motion was delayed without good cause, whether the moving party has a strong case on the merits, and whether the admissions were used to obtain unfair tactical advantage). Good cause requires the party to show that despite diligence, the deadline could not be met. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Sprague v. Fin. Credit Network, Inc., No. 1:18-CV-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018).

Plaintiff argues that "this is not the case of a recalcitrant party who is evading its discovery obligations." ECF No. 50-1, pg. 6. Ms. Kelly declares that the delay in providing responses and documents was due to the inability to access the electronic files, as the files and computer system had been corrupted and crashed. See ECF No. 50-2, pg. 2. Ms. Kelly attested to the fact that back in March, 2022, approximately a week after receipt of the discovery requests, it was first discovered that she was unable to retrieve information from Plaintiff's computer system. See id. As a result, Ms. Kelly was required to retrieve paper files, electronic back up files, and other documents to recreate a database in order to respond to the requests, which process lasted from March 2 through June 30, 2022. See id. Although Plaintiff's counsel

1 | suggests that the delay was excusable, the reasons proffered by Plaintiff and Plaintiff's counsel is
2 | not considered to be good cause.

3 | On the one hand, Plaintiff does not offer a compelling justification for its failure to
4 | respond timely to Defendants' Requests. After Defendants served their Requests on February 15,
5 | 2022, Plaintiff failed to respond until August 12, 2022, even though Plaintiff's counsel
6 | corresponded extensively with Defendants' counsel in the interim. In fact, Plaintiff's counsel
7 | repeatedly promised responses starting May 2, week after week, even though Ms. Kelly attests
8 | that it wasn't until after July 1, 2022 that she had allegedly completed retrieval of the files and
9 | hard copies documents and had begun preparation of the responses. See ECF No. 50-2, pg. 2, ¶ 5.
10 | Moreover, although Defendants granted Plaintiff multiple extensions of time to serve responses,
11 | Plaintiff offers no credible reason, much less good cause, for its failure to provide responses for
12 | nearly five months. Based on the information sought to be admitted, the Court is unable to
13 | conclude, and Plaintiff offers no substantive reason, why it was necessary to build a database of
14 | documents in order to admit or deny the Requests, as Plaintiff asserts as the cause for the delay.

15 | On the other hand, denying Plaintiff's motion to withdraw based solely on a lack
16 | of good cause for delay would undermine "the public policy favoring the disposition of cases on
17 | their merits rather than on technical violations of procedural rules. . . .". Doctors Med. Ctr. of
18 | Modesto, Inc. v. Principal Life Ins. Co., No. 1:10–cv–00452–LJOSKO, 2011 WL 831421, at *3
19 | (E.D. Cal. Mar. 3, 2011). When analyzing Rule 36(b), "'a court should not go beyond the
20 | necessities of the situation to foreclose the merits of controversies as punishment'" for
21 | misbehavior. Hadley, 45 F.3d at 1350 (quoting Rubin v. Belo Broadcasting Corp., 769 F.2d 611,
22 | 619 (9th Cir. 1985)). Because some of the admissions go to ultimate issues of liability, denying
23 | Plaintiff's motion to withdraw all admissions would functionally decide the case in Blue 360's
24 | favor. See Hydrotech, Inc. v. Bara Infoware, Inc., No. 109CV00069-OWWSMS, 2009 WL
25 | 2460893, at *6 (E.D. Cal. Aug. 10, 2009) (granting motion to withdraw admissions because rule
26 | 36(b) factors met, despite carelessness of Plaintiff and its counsel with respect to discovery
27 | obligations). As for the merits of Plaintiff's case, it is premature at this stage to decide whether
28 | Plaintiff has a strong case on the merits and the Court declines to use its discretionary power to

1   deny Plaintiff's motion based on insufficient good cause for its untimely responses.

2   Thus, because Plaintiff has met is burden with respect to Blue 360 Requests 1

3   through 8 and Defendants have failed to show prejudice, the Court grants Plaintiff's motion as to

4   Blue 360 Requests 1 through 8. As to Blue 360 Requests 9-15 and Blue LLC Requests 1 through

5   9, Plaintiff's motion to withdraw these admissions is denied.

6         **B.**      **Sanctions**

7   Courts possess the inherent power to protect the orderly administration of justice

8   and to preserve the dignity of the tribunal. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764

9   (1980). A court's authority to award sanctions is broad. Miranda v. S. Pac. Transp. Co., 710 F.2d

10   516, 520-21 (9th Cir. 1983). "The decision whether to penalize a party for dilatory conduct

11   during discovery proceedings is committed to the sound discretion of the trial court." Bollow v.

12   Fed. Rsrv. Bank of San Francisco, 650 F.2d 1093, 1102 (9th Cir. 1981).

13   Akin to an award of reasonable costs to a prevailing party on a discovery motion,

14   courts may require a party withdrawing admissions to pay a sanction to the opposing party to

15   compensate for the expense caused by its untimely response. See Hadley, 45 F.3d at 1350

16   (discussing how court could have ordered Plaintiff or his attorney to pay a substantial monetary

17   fine and/or opposing party's increased costs and expenses as less severe alternative to allowing all

18   admissions to stand); see also Santana Row, 2007 WL 1140464, at *5 (ordering defendants'

19   counsel to pay monetary sanctions for the unnecessary expenses caused by the failure to timely

20   serve the RFA responses); Mid Valley Bank v. N. Valley Bank, 764 F. Supp. 1377, 1391 (E.D.

21   Cal. 1991) (ordering party withdrawing admissions to pay reasonable cost of preparing opposition

22   to motion to withdraw admissions); Duarte Nursery, Inc. v. United States Army Corps of Eng'rs,

23   No. 2:13-CV-02095-KJM-AC, 2015 WL 7188227, at *4-5 (E.D. Cal. Nov. 16, 2015) (noting that

24   a court may impose sanctions, including opposing party's increased costs and expenses, even

25   when court grants motion to withdraw deemed admissions). Sanctions for violations of local

26   rules and Federal Rules of Civil Procedure are appropriately directed at the lawyers responsible,

27   rather than the litigants. See Miranda, 710 F.2d at 521.

28   ///

While denying a motion to withdraw admissions would effectively impose a "severe sanction of ordering a matter admitted" based on, essentially, a discovery dispute, see Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir.1981), granting a motion without additional penalties presents another dilemma in that it "tacitly implies that a[n] . . . attorney's failure to abide by the rules of practice is of little or no consequence." Doctors Med. Ctr., 2011 WL 831421, at *3. Improper conduct "drives up the expense of litigation and evidences a disregard for the rules of practice." See id. at *8 (expressing concern over the manner in which the party responded to the admissions and delay in providing amended responses). The discovery rules were designed to provide parties with tools to fairly litigate cases on the merits. See Fed. R. Civ. P. 1 ("[These Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). The Rules, and the discretionary sanctions available to this Court, are meant to encourage fairness and to avoid "obstructionism, gamesmanship, and tactical maneuvering intended to drive up the costs of litigation and unfairly harass the other party." Jimena v. UBS AG Bank, No. CV-F-07-367 OWW/SKO, 2010 WL 4644408, at *2 (E.D. Cal. Nov. 5, 2010).

Here, while the Court has declined to deem all of Plaintiff's responses to the Requests admitted, the Court has particular concerns regarding the manner in which Plaintiff responded and seems to have stalled in providing the responses after continually agreeing to do so. For over five months, Defendants' counsel engaged in multiple email exchanges attempting to solicit the missing responses from Plaintiffs. See, generally, ECF No. 49. Ms. Kelly and Plaintiff's counsel claim that Plaintiff was unable to provide responses to the Requests due to the need to recreate an 8,000 document database containing invoices, customer information, summaries, notes, phone logs, data, inventories, and photographs. See ECF No. 50-2, pg. 2. But the substance of the Requests, as discussed above, did not, in fact, require such a database. Based upon the information requested, not only could the responses have been timely provided, but when Plaintiff did finally provide the responses, more than five months later, Plaintiff denied each and every one of the Requests – a response that in this Court's view did not require the use of a database.

If, as Plaintiff argues, Plaintiff was not required to respond under Rule 36 because Rule 36 requires the responding party only to make a reasonable inquiry into information, which "is limited to persons and documents within the party's control," ECF No. 56, pg. 8, or Plaintiff did not have the requisite information to admit or deny the Requests pertaining to Defendants' entity status, then Rule 36 affords relief. Rule 36 provides that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). A party may "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id. But Plaintiff did not respond in this fashion; instead, Plaintiff simply denied the Requests and now argues lack of knowledge to respond as justification for its untimely denials.

The Court finds no good cause for Plaintiff's failure to timely respond to the Requests and that sanctions are warranted based on the conduct exhibited in this matter, as discussed above. Consequently, the Court finds it appropriate to award reasonable fees and costs to Defendants for opposing Plaintiff's motion under Federal Rule of Civil Procedure 37 to be paid by Plaintiff's counsel. Further, the Court will direct Plaintiff's counsel to show cause why sanctions in the amount of $2,500.00 should not be ordered for the apparent gamesmanship and mishandling of this matter. See Miranda, 710 F.2d at 521-23 (holding district court had authority to impose sanction and requiring opportunity to show cause before imposition of monetary sanctions for failure to carry out responsibilities as officer of court).

### IV.  CONCLUSION

Public policy favors resolving a case on its merits. See Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1454 (9th Cir. 1994). Given that completion of ADR is set for December 30, 2022, the last day to complete discovery is March 31, 2023, and trial is not until November 27, 2023, on balance, it is appropriate to permit withdrawal of deemed admissions to Blue 360 Requests numbers 1 through 8, as both factors of Rule 36(b) have been met. Although Plaintiff lacks good cause for its failure to respond to the Requests in a timely manner, good

cause is merely a factor to consider in whether to permit withdrawal. See Conlon, 474 F.3d at 625. With respect to Blue 360 Requests 9 through 15 and Blue LLC Requests 1 through 9, neither Plaintiff nor Defendants have established the required prejudice and thus, such Requests stand admitted.

    Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's motion to set aside, ECF No. 50, is:

    a. GRANTED as to Blue 360 Requests 1 through 8;

    b. DENIED as to Blue 360 Requests 9 through 15; and

    C. DENIED as to Blue LLC Requests 1 through 9.

  2. Reasonable costs will be awarded to Defendants under Federal Rule of Civil Procedure 37 to be paid by Plaintiff; Defendants shall file their costs bill within seven days of the date of this order; Plaintiff may file a response within seven days of service of Defendants' costs bill; thereafter, the Court will award reasonable expenses associated with the current motion by separate order.

  3. No later than fourteen days after the date of this order, Plaintiff shall serve amended responses to the Requests in accordance with this order.

  4. Plaintiff's counsel is ordered no later than fourteen days after the date of this order, to show cause in writing why sanctions in the amount of $2,500.00 should not be ordered against Plaintiff's counsel.

Dated: January 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE