**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

NORCAL HOME DESIGN INC,

Plaintiff,

v.

CODE BLUE 360, LLC, et al.,

Defendants.

No. 2:21-CV-0491-JAM-DMC

ORDER

Plaintiff, which is proceeding with retained counsel, brings this civil action. Defendants Code Blue, LLC, Code Blue 360, LLC, and Tony Tousignant ("Defendants") filed a motion to compel discovery. See ECF No. 37. No joint statement was filed because Plaintiff did not respond to Defendants' initial discovery requests. See ECF No. 37-2. After a hearing, the Court granted the motion as to the requests for admissions and production but denied the motion as moot as to interrogatories. See ECF No. 49. Plaintiff filed a motion to set aside the Court's order; Defendant filed a request for costs and an opposition to Plaintiffs motion; and Plaintiff filed a reply. See ECF Nos. 50-52, 56. Following another hearing, the Court granted Plaintiff's motion to set aside the previous order in part and denied it in part. See ECF No. 64. As part of the order, the Court ordered Plaintiff to pay Defendant's reasonable costs associated with the motion to compel. See id. The Court also ordered Plaintiff's counsel to show cause why sanctions should not be imposed. See id. No response to the order to show cause was filed.

The Court will order that Plaintiff pay Defendants' reasonable fees and costs in the amount of $4,102. The Court will also sanction Plaintiff's attorney in the amount of $2,500.

## I. BACKGROUND

Plaintiff brought suit against Defendant for intentional and negligent interference with contractual relations. See ECF No. 13 at 6-7. The case arises from the damage caused by the November 2018 Camp Fires to several Butte County residences. See ECF No. 13 at 3. Eleven homeowners (the policyholders) had insurance policies through Allstate Insurance Company. See id. They submitted claims to Allstate for the Camp Fire losses. See id. Allstate retained and employed Defendants to provide third-party administration services for the claims. See id. at 4. Defendants assigned third-party Defendant Quality Property Restoration (QPR) to complete various services for those policyholders. ECF No. 37-1 at 2. QPR then "assigned, subcontracted or referred" those policyholders to Plaintiff for services. Id. Plaintiff contracted with the eleven policyholders to provide content restoration services. See ECF No. 13 at 3.

According to the first amended complaint, Defendants contacted the policyholders and provided "false, defamatory and misleading information" about Plaintiff concerning its "business reputation, [and] the quality of the contents restoration services performed." ECF No. 13 at 5. Defendants also discussed the "exorbitant cost of the content restoration services provided, and also provided false and misleading information about coverage to be afforded" under the Allstate insurance policies. See ECF No. 13 at 5.

The pretrial scheduling order was revised several times primarily due to Plaintiff's failure to provide responses to Defendants' discovery requests. See ECF Nos. 11, 16, 30, 34, 36, and 41.

Defendants brought a motion to compel requests for admissions, requests for production, and interrogatories. See ECF no. 37. The Court granted the motion to compel as to the requests for admissions and production, deeming the admissions admitted. See ECF No. 49. The Court denied the motion as to the interrogatories because Plaintiff served answers before the hearing on the matter. See ECF No. 49.

/ / /

Plaintiff then filed a motion to set aside the Court's order granting the motion to compel. See ECF No. 50. The Court granted the motion only as to the request to withdraw some of the admissions as admitted; the motion was otherwise denied. See ECF. No. 64.

## II. DISCUSSION

Below, the Court considers: (1) Defendants' request for fees and costs under Federal Rule of Civil Procedure 37; and (2) whether Plaintiff's counsel should be sanctioned.

### A. Fees and Costs

Following the final hearing on the motion to compel, Defendants submitted a cost bill. See ECF No. 65. Plaintiff did not file an opposition. The prevailing party on a motion to compel is entitled to recover reasonable expenses incurred in making the motion, including attorney's fees. See Fed. R. Civ. Pro. 37(a)(5).

Defendants claim the following expenses at an hourly rate of $205 per hour:

1. 3.0 hours spent preparing motion to compel moving papers.
2. 1.1 hours requesting remote appearance for, preparing for, and attending the hearing on the motion to compel.
3. 1.0 hours preparing the initial costs bill.
4. 1.6 hours meeting and conferring with Plaintiff's counsel via email and telephone about overdue discovery responses.
5. 2.9 hours preparing, reviewing, and revising stipulations to continue deadlines in the Pretrial Scheduling Order due to Plaintiff's failure to respond to discovery, including communications with Plaintiff's counsel and the third-party defendant's counsel about the failure to respond to discovery.
6. 9.8 hours opposing Plaintiff's motion to withdraw admissions.
7. 0.5 hours preparing an amended costs bill.

Defendants also claim a $22.50 CourtCall cost to appear at the hearing for the motion to compel. See ECF No. 65 at 6.

Defendants claim a total of 19.9 hours, which at a rate of $205 an hour results in attorney's fees of $4,079.50. The addition of the CourtCall cost of $22.50 results in a total of $4,102.00 in both fees and costs.

/ / /

The Court finds the requested fees and costs are reasonable expenses incurred in bringing the motion to compel. Plaintiff did not file an opposition to suggest otherwise.

**B. Sanctions**

In the Court's order on January 25, 2023, the Court gave Plaintiff's counsel two weeks to show cause why sanctions should not be imposed. See ECF No. 64 at 12. To date, counsel has not responded.

Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). A court's authority to award sanctions is broad. Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 520-21 (9th Cir. 1983). "The decision whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court." Bollow v. Fed. Rsrv. Bank of San Francisco, 650 F.2d 1093, 1102 (9th Cir. 1981).

Akin to an award of reasonable costs to a prevailing party on a discovery motion, courts may require a party withdrawing admissions to pay a sanction to the opposing party to compensate for the expense caused by its untimely response. See Hadley, 45 F.3d at 1350 (discussing how court could have ordered Plaintiff or his attorney to pay a substantial monetary fine and/or opposing party's increased costs and expenses as less severe alternative to allowing all admissions to stand); see also Santana Row, 2007 WL 1140464, at *5 (ordering defendants' counsel to pay monetary sanctions for the unnecessary expenses caused by the failure to timely serve the RFA responses); Mid Valley Bank v. N. Valley Bank, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991) (ordering party withdrawing admissions to pay reasonable cost of preparing opposition to motion to withdraw admissions); Duarte Nursery, Inc. v. United States Army Corps of Eng'rs, No. 2:13-CV-02095-KJM-AC, 2015 WL 7188227, at *4-5 (E.D. Cal. Nov. 16, 2015) (noting that a court may impose sanctions, including opposing party's increased costs and expenses, even when court grants motion to withdraw deemed admissions). Sanctions for violations of local rules and Federal Rules of Civil Procedure are appropriately directed at the lawyers responsible, rather than the litigants. See Miranda, 710 F.2d at 521.

/ / /

While denying a motion to withdraw admissions would effectively impose a "severe sanction of ordering a matter admitted" based on, essentially, a discovery dispute, see Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir.1981), granting a motion without additional penalties presents another dilemma in that it "tacitly implies that a[n] . . . attorney's failure to abide by the rules of practice is of little or no consequence." Doctors Med. Ctr., 2011 WL 831421, at *3. Improper conduct "drives up the expense of litigation and evidences a disregard for the rules of practice." See id. at *8 (expressing concern over the manner in which the party responded to the admissions and delay in providing amended responses). The discovery rules were designed to provide parties with tools to fairly litigate cases on the merits. See Fed. R. Civ. P. 1 ("[These Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). The Rules, and the discretionary sanctions available to this Court, are meant to encourage fairness and to avoid "obstructionism, gamesmanship, and tactical maneuvering intended to drive up the costs of litigation and unfairly harass the other party." Jimena v. UBS AG Bank, No. CV-F-07-367 OWW/SKO, 2010 WL 4644408, at *2 (E.D. Cal. Nov. 5, 2010).

The Court has authority to impose a deterrence sanction in addition to awarding attorney's fees. See Hudson v. Moore Bus. Forms, Inc., 898 F.2d 684, 685 (9th Cir. 1990).

The Court finds no good cause for counsel's failure to timely respond to the discovery requests and that sanctions are warranted in the amount of $2,500 based on the conduct exhibited in this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff shall pay to Defendants $4,102 in reasonable expenses within 30 days of the date of this order.

2. Plaintiff shall pay to the Court a sanction in the amount of $2,500.

Dated: January 9, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE