UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCAL HOME DESIGN, INC., a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>CODE BLUE 360, LLC, a Delaware limited liability company, et al.,<br><br>            Defendants,<br><br>And related cross-actions. | No.  2:21-cv-00491-JAM-DMC<br><br>**ORDER DENYING THIRD-PARTY DEFENDANT FORNESS CONSTRUCTION, INC. DBA QUALITY PROPERTY RESTORATION'S MOTION FOR LEAVE TO FILE A CROSS-COMPLAINT AGAINST PLAINTIFF** |

Before the Court is Third-Party Defendant Forness Construction, Inc. DBA Quality Property Restoration's ("Third-Party Defendant Forness") motion for leave to file a cross-complaint against Plaintiff Norcal Home Design, Inc. ("Plaintiff").  Mot. for Leave ("Mot."), ECF No. 87.  For the reasons set forth below, the motion is DENIED.

///

///

///

I. OPINION

On February 15, 2024, Third-Party Defendant Forness filed a motion for leave to file a cross-complaint against Plaintiff Norcal Home Design, Inc. ("Plaintiff"). See Mot. Plaintiff opposed the motion, Opp'n, ECF No. 88, and Third-Party Defendant Forness replied. Reply, ECF No. 92.

Pursuant to the Court's Pretrial Scheduling Order of January 6, 2022, "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." Pretrial Scheduling Order ("PSO"), ECF No. 30. Although parts of this PSO were modified several times, see Dkt., the most recent on December 11, 2023, see ECF No. 80, the portion that is applicable here was unaffected by the subsequent modifications. Thus, unless amended, the PSO precludes Third-Party Defendant Forness' motion.

After a pleading deadline set in the pretrial scheduling order has passed, a party must first amend the scheduling order under Rule 16 of the Federal Rules of Civil Procedure ("Rules") before it seeks leave to amend the pleadings. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992); Akey v. Placer Cnty., No. 2:14-CV-2402 KJM DB, 2017 WL 1831944, at *6 (E.D. Cal. May 8, 2017). Here, Third-Party Defendant Forness has not specifically requested to modify the PSO. See generally Mot.; Dkt. Although the Ninth Circuit has "suggested" that the failure to first modify the scheduling order precludes a motion to amend the pleadings, it has not mandated such a rigid rule. See Johnson, 975 F.2d at 608-09. Thus, courts in this Circuit have construed a motion for leave as one requesting a

2

1  modification to the pretrial scheduling order, particularly when
2  doing so would be more efficient than dismissing the motion
3  without prejudice.  Akey, 2017 WL 1831944, at *7; Sharp v. Balboa
4  Islands, LLC, No. 11-CV-427, 2012 WL 13176036, at *2 (S.D. Cal.
5  June 20, 2012).  Accordingly, the Court construes Third-Party
6  Defendant Forness' motion as a request to modify the PSO.
7      A pretrial scheduling order entered before the final
8  pretrial conference "may be modified only for good cause and with
9  the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A scheduling
10 order is not 'a frivolous piece of paper, idly entered, which can
11 be cavalierly disregarded by counsel without peril.'"  Akey, 2017
12 WL 1831944, at *3 (quoting Gestetner Corp. v. Case Equip. Co.,
13 108 F.R.D. 138, 141 (D. Me. 1985)).  "Unlike Rule 15(a)'s liberal
14 amendment policy which focuses on the bad faith of the party
15 seeking to interpose an amendment and the prejudice to the
16 opposing party, Rule 16(b)'s 'good cause' standard primarily
17 considers the diligence of the party seeking the amendment."
18 Johnson, 975 F.2d at 609.  "The district court may modify the
19 pretrial schedule 'if it cannot reasonably be met despite the
20 diligence of the party seeking the extension.'"  Id. (quoting the
21 advisory committee's notes to Fed. R. Civ. P. 16).  "[T]he focus
22 of the inquiry is upon the moving party's reasons for seeking
23 modification."  Id.  "If [the movant] was not diligent, the
24 inquiry should end."  Id.
25     On July 27, 2023, Third-Party Defendant Forness filed a
26 complaint for indemnity against Plaintiff in Butte County
27 Superior Court.  See Exh. C to Mot., ECF No. 87 at 25-32.  The
28 proposed cross-complaint for indemnity is based on similar, if

3

not identical, grounds as the state court action. Mot. at 4; Exh. A to Mot., ECF No. 87 at 13-18. Third-Party Defendant Forness was therefore aware of its claim for indemnity against Plaintiff for approximately seven months before it sought leave to amend the PSO. In Johnson, the Ninth Circuit upheld a district court's denial of a motion to modify a scheduling order when it was made four months after the deadline had expired. Johnson, 975 F.2d at 610. Third-Party Defendant Forness states it inadvertently failed to previously amend the PSO, Mot. at 2, but "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

## II.  ORDER

Third-Party Defendant Forness' motion for leave to file a cross-complaint against Plaintiff is DENIED.

IT IS SO ORDERED.

Dated: April 4, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE