IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCAL HOME DESIGN INC., | No. 2:21-CV-0491-JAM-DMC |
| Plaintiff, | |
| v. | ORDER |
| CODE BLUE 360, LLC, et al., | |
| Defendants. | |
| AND RELATED THIRD-PARTY COMPLAINT | |

Plaintiff, which is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's counsel's motion to set aside this Court's order imposing monetary sanctions in the amount of $2,500 against Plaintiff's counsel. See ECF No. 82. The motion is supported by the declarations of Plaintiff's counsel, Anthony Gordon, Esq., with supporting Exhibits 1 and 2. See id. No opposition to the motion has been filed.

/ / /

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff brought suit against Defendants for intentional and negligent interference with contractual relations. See ECF No. 13, pgs. 6-7 (first amended complaint). The case arises from the damage caused by the November 2018 Camp Fire to several Butte County residences. See ECF No. 13, pg. 3. The pretrial scheduling order was revised several times primarily due to Plaintiff's failure to provide responses to Defendants' discovery requests. See ECF Nos. 11, 16, 30, 34, 36, and 41. Defendants then brought a motion to compel Plaintiff to provide responses to requests for admissions, requests for production, and interrogatories. See ECF No. 37. The Court granted the motion to compel as to the requests for admissions and requests for production, deeming the admissions admitted, but denied the motion as to the interrogatories because Plaintiff served answers before the hearing on the matter. See ECF No. 49. Plaintiff then filed a motion to set aside the Court's order granting the motion to compel. See ECF No. 50. The Court granted the motion only as to the request to withdraw some of the admissions as admitted; the motion was otherwise denied. See ECF. No. 64. Based on Plaintiff's delay in responding to Defendant's motion to compel, the Court ordered reasonable costs be paid to Defendants and gave Plaintiff's counsel two weeks to show cause why monetary sanctions should not be imposed. See id. at 12.

The Court gave Plaintiff's counsel two weeks to show cause why sanctions should not be imposed. See id. Initially, Plaintiff's counsel did not respond to this request and the Court ordered deterrence sanctions in the amount of $2,500. See ECF No. 81. Plaintiff's counsel responded by filing the pending motion to set aside imposition of such sanctions pursuant to Federal Rule of Civil Procedure Rule 7(b). See ECF No. 82. Some months after filing the motion to set aside sanctions, Plaintiff filed a notice of association of counsel recording Melinda Guzman, Esq., as co-counsel for Plaintiff. See ECF No. 122. Ms. Gordon filed a notice of appearance on the same day. See ECF No. 123. On October 11, 2024, Plaintiff filed a notice of settlement of the entire action, see ECF No. 133, and dispositional documents have been ordered to be filed on or before November 12, 2024, see ECF No. 134.

///

///

2

## II. SUMMARY OF ARGUMENT

Mr. Gordon asserts that there is good cause to set aside the sanctions because, at the time of issuance of the order to show cause regarding sanctions, Plaintiff's counsel was recovering from unexpected complications that arose from a major surgery and was "still under heavy sedation and . . . confined to bed." ECF No. 82-1, pg. 2. In support of this contention, Mr. Gordon includes an email from his wife to Defendants' counsel dated January 6, 2023, stating there were complications in the surgery and that Mr. Gordon would reach out to Defendants' counsel "as soon as he is able." ECF No. 82-2, pg. 6 (Exhibit 1 to Gordon declaration). Additionally, Mr. Gordon attaches hospital records regarding his diagnosis, treatment plan, and prescribed medication. See id. at 8-14 (Exhibit 2 to Gordon declaration). Mr. Gordon asserts that he was made aware of the order to show cause on January 10, 2024, when he was served with the order imposing sanctions. See id. at 3.

Mr. Gordon also responds to Court's reasoning for imposition of sanctions. First, Mr. Gordon asserts that there was no gamesmanship on the part of Plaintiff's counsel "as there was nothing to be gained given the severe consequences, namely, that requests for admissions could be deemed admitted for not responding in a timely manner." ECF No. 82-1, pg. 3. Next, Mr. Gordon distinguishes the facts of Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 520-21 (9th Cir. 1983), from the facts at hand, clarifying that in Miranda the counsel for the parties were sanctioned for their failure to comply with the rules regarding pretrial conferences for which counsel were "entirely" responsible. Id. at 3-4. Whereas here, according to Mr. Gordon, he was unaware of the Court's order and therefore "depended on receiving the necessary information from his client so that he could formulate the responses." Id. at 4. Next, Mr. Gordon asserts that "none of the reported authorities held that providing tardy discovery responses constitutes 'gamesmanship' as there could be no advantage." Id. The motion concludes with the following:

> Plaintiff's counsel's five-and-a-half-week stay in the hospital and recovery time following serious cancer surgery at the time of the Court's Order dated January 24, 2013, demonstrates that there was good cause (1) why Plaintiff's counsel did not and could not respond in writing within 15 days under the Court's January 25, 2023 Order; and (2) that good cause exists for not imposing deterrent monetary sanctions for $2,500.00. It is

3

further respectfully submitted that the Court should exercise its discretion by finding good cause for Plaintiff's counsel's inability to comply with the Court's January 24, 2023, Court Order.

Id.

### III.  DISCUSSION

Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).  A court's authority to award sanctions is broad.  See Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 520-21 (9th Cir. 1983).  "The decision whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court."  Bollow v. Fed. Rsrv. Bank of San Francisco, 650 F.2d 1093, 1102 (9th Cir. 1981).

The Court has authority to impose a deterrence sanction in addition to awarding attorney's fees. See Hudson v. Moore Bus. Forms, Inc., 898 F.2d 684, 685 (9th Cir. 1990). Here, the Court exercised this authority and imposed deterrence sanctions in the amount of $2,500 in part because Mr. Gordon failed to show cause why sanctions should not be ordered. The Federal Rules of Civil Procedure advisory committee notes discuss the discretion the court has in determining sanctions, "subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. As such, the purpose of sanctions – to deter repetition – informs this Court's decision on whether to set aside these sanctions.

The Court ordered Plaintiff to show cause why sanctions should not be imposed on Mr. Gordon "for the apparent gamesmanship and mishandling of this matter." ECF No. 64, pg. 11. Mr. Gordon did not respond, and sanctions were imposed. See ECF No. 81. Mr. Gordon has since responded and explained both the reason he was unable to respond initially and why these sanctions should not be imposed. See ECF No. 82.  While it is understandable that Mr. Gordon was initially unable to respond due to hospitalization and recovery, the Court is not persuaded by the explanation that he was not made aware of the order to show cause until he was served in January 2024 with the order imposing sanctions.  Mr. Gordon is reminded of the responsibility of

counsel to be informed of filings and to respond to motions without delay. See Fed. R. Civ. P. However, Mr. Gordon's actions since sanctions were imposed demonstrate an acknowledgement of the Court's initial admonishment and advisement against gamesmanship. Additionally, the record reflects that co-counsel for Plaintiff was added in September 2024 and all parties have been able to come to a settlement of the entire matter. Thus, the record shows that Mr. Gordon took the necessary steps to ensure proper representation for Plaintiff. For these reasons, the Court will set aside the imposition of sanctions on Mr. Gordon.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's counsel's motion, ECF No. 82, to set aside the imposition of sanctions in the amount of $2,500 is granted.

Dated:  October 31, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE